UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA :

       v.              :        25-CR-282 (SLS)

**ENJOLI GAFFNEY**        :

### DEFENDANT'S OPPOSITION
### TO GOVERNMENT'S MOTION FOR PRETRIAL DETENTION

Less than three weeks before Enjoli Gaffney's motions hearing and trial was scheduled to begin in the Superior Court of the District of Columbia, and after he had been detained for nearly 100 days, the government sought and obtained an indictment in this matter charging the same D.C. Code offenses related to the alleged possession of a firearm charged in Superior Court and adding a federal charge of possession of ammunition—the ammunition found in the firearm—by a person previously convicted of a felony offense. The government did so on the same date Mr. Gaffney filed a motion to suppress based on the unlawful seizure and search of his person that was recorded on police Body Worn Camera videos. The government now seeks to re-start the clock on Mr. Gaffney's detention, knowing, of course, that Mr. Gaffney's new counsel and the Court cannot possibly litigate the motion or try the case by October 2, 2025, the trial date set in Superior Court. This Court should deny the government's effort to delay due process and extend Mr. Gaffney's detention on charges based on evidence that was obtained in violation of the Fourth Amendment. As set forth below, Mr. Gaffney should be released because a review of the factors set forth in the Bail Reform Act demonstrates that there are a combination of conditions that will reasonably assure his appearance in court and the safety of the community.[1]

---

[1] The government notes that the Pretrial Services Agency report recommends pretrial detention. The Pretrial Services Agency, however, recommends detention in *every* case charging a violation of 18 U.S.C. § 922(g)—their internal guidelines require a recommendation of detention when a

**Procedural Background**

On June 25, 2025, just after midnight, four police officers approached Mr. Gaffney and several other men who were sitting and talking in the 1600 block of Lincoln Road, N.E. Police claim that some of the men had open containers of alcohol. Mr. Gaffney had no open container and police had no reason to stop him. Nonetheless, police surrounded him, pointed their flashlights in his face, and demanded to see what was in his pockets. The police now claim they saw Mr. Gaffney put a plastic bag in his pocket, but the BWC camera footage confirms that they did not.[2] After unlawfully seizing and searching Mr. Gaffney, the officers placed him under arrest for possession of a narcotic and searched him. According to the officers, they found him in possession of a firearm.

---

firearm is charge in federal court. For that reason, the Court should place no weight on their recommendation because it is not the result of any exercise of judgment or discretion. In contrast, the Pretrial Services Agency submitted in Superior Court recommended electronic monitoring.

[2] The government has not yet disclosed the BWC videos to undersigned counsel, but Mr. Gaffney's Superior Court counsel has seen the footage and confirms that it does not support the officer's report. The following screenshot was included in the motion to suppress filed in Superior Court and shows Mr. Gaffney seized by the two officers on the right.



2

Later that day, police took Mr. Gaffney to Superior Court, and the government charged him with unlawful possession of a firearm (prior conviction), in violation of D.C. Code § 22-4503, carrying a pistol without a license (outside home or place of business), in violation of D.C. Code § 22-4504(a)(1), and possession of a prohibited weapon (felony), in violation of D.C. Code § 22-4514(a)(c)(1). The Court appointed counsel for Mr. Gaffney and on June 27, 2025, held a preliminary hearing and a hearing on the government's request for pretrial detention. The court found probable cause and ordered Mr. Gaffney detained. Consistent with D.C. law, because Mr. Gaffney was detained, the court set Mr. Gaffney's trial to begin within 100 days of his detention, on October 2, 2025. *See* D.C. Code § 23-1322(h)(1) ("The case of the person detained pursuant to subsection (b) of this section shall be placed on an expedited calendar and, consistent with the sound administration of justice, the person shall be indicted before the expiration of 90 days, and shall have trial of the case commence before the expiration of 100 days.").

On September 12, 2025, Mr. Gaffney's counsel filed a motion to suppress based on the Fourth Amendment violations, and on that same date, just 20 days before Mr. Gaffney's motions hearing and trial was scheduled to begin, the government sought and obtained a federal indictment charging two of the same D.C. Code offenses: unlawful possession of a firearm (prior conviction), in violation of D.C. Code § 22-4503, and possession of a prohibited weapon (felony), in violation of D.C. Code § 22-4514(a)(c)(1). The government has not charged possession of the firearm under federal law, but to obtain jurisdiction in this Court, the government charged unlawful possession of ammunition by a person previously convicted of a crime punishable by imprisonment for a term exceeding one year, in violation of 18 U.S.C. § 922(g). The timing and the charged offenses demonstrate that the government either does not believe the firearm at issue is unlawful under federal law or believes that it does not warrant a

3

federal charge, and the only purpose of moving the charges to federal court was to thwart Mr. Gaffney's right to a trial within 100 days of detention. To complete its goal, the government now seeks detention in this Court. This Court should deny the request because there are conditions that can be imposed to reasonably assure Mr. Gaffney's appearance and the safety of the community.

## Argument

Consistent with the presumption of innocence and the Eighth Amendment prohibition against excessive bail, the Bail Reform Act of 1984 provides that a defendant should be released pending trial on personal recognizance or "subject to the least restrictive further conditions, or combination of conditions that . . . will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(b) and (c)(1)(B). The Supreme Court has explained: "In our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *United States v. Salerno*, 481 U.S. 739, 755 (1987); *see also United States v. Singleton*, 182 F.3d 7, 9 (D.C. Cir. 1999) ("Detention until trial is relatively difficult to impose."). Generally, courts should refuse to release defendants on bail "[o]nly in rare circumstances," and "only for the strongest of reasons." *United States v. Motamedi*, 767 F.2d 1403, 1405, 1406 (9th Cir. 1985) (Kennedy, J.). Any "[d]oubts regarding the propriety of release should be resolved in favor of the defendant." *Id.* at 1405.

Here, the government seeks detention pursuant to 18 U.S.C. §§ 3142(f)(1)(E) (felony case involving a firearm) and (f)(2)(A) (serious risk of flight). There is no rebuttable presumption that applies, *see* 18 U.S.C. § 3142(e)(3), and the government bears the burden of proof. The government cannot meet that burden here. The circumstances of this case—including

Mr. Gaffney's demonstration of his ability to abide by conditions of supervision by successfully completing a three-year term of supervised release between February 4, 2022, and February 10, 2025, and the availability of the home detention—demonstrate that an available combination of conditions can be imposed to reasonably assure the safety of the community and Mr. Gaffney's appearance in Court.

### A. Nature and Circumstances of the Offense and Weight of the Evidence

Mr. Gaffney is charges with possessing a firearm. According to government agents, the firearm was found on his person. The government argues that the weight of the evidence is significant and proves Mr. Gaffney is a danger. However, the findings of Judge Bates in a recent decision apply equally here:

> The nature and circumstances of the offense [of felon in possession of a firearm] do not strongly show that [a defendant] is a flight risk or a danger the community. While § 922(g)(1) involves firearms, courts have recognized that it is not a crime of violence under the BRA. *See generally, e.g., United States v. Gloster*, 969 F. Supp. 92 (D.D.C. 1997). Additionally, the government alleges only that [the defendant] possessed—not that he used—the firearm at issue. . . . The Court acknowledges the inherent danger that a loaded firearm presents but finds that the allegations here do not weigh heavily in favor of pretrial detention.

*See United States v. Bryant*, 25-cr-097 (JDB), ECF 15 at 2 (police claim Mr. Bryant possessed a firearm and handed it to another man as they approached; Judge Bate upheld his pretrial release).

Moreover, the evidence here is not admissible because it was obtained in violation of Mr. Gaffney's Fourth Amendment rights. The officers seized Mr. Gaffney when they surrounded him, pointed their flashlights at him, and directed him to show his waistband and empty his pockets. *See, e.g., United States v. Gamble*, 77 F.4th 1041 (D.C. Cir. 2023) (seizure occurs where officers convey messages that compliance is obligatory and defendant accedes to show of authority). Because the police officers had no basis for this seizure, they violated Mr. Gaffney's

5

Fourth Amendment rights and the evidence seized will not be admissible at trial. Thus, the weight of the evidence is not strong.

### B. Potential Danger to Any Person or the Community

The issue before the Court is whether Mr. Gaffney will present a danger to the community if released and is forward-looking. *United States v. Munchel*, 991 F.3d 1273 (D.C. Cir. 2021) (Katsas, J. concurring in part and dissenting in part) (detention turns on "specific, forward-looking assessment of whether [the defendant] currently pose[s] an unmitigable threat to public safety"). Here, the danger the government points to is the dangers associated with possessing firearms, and thus, the issue is whether Mr. Gaffney would possess firearms on release. The evidence supports a finding that he would not, and moreover, the proposed conditions would *reasonably* ensure that he would not.

The government relies heavily on Mr. Gaffney's prior record. His record, however, supports a finding that he can comply with conditions release. His most recent conviction was based on an incident that occurred in seven and half years ago in February 2018. Mr. Gaffney completed his term of incarceration in that case on February 4, 2022 and began a three-year term of supervised release. He successfully completed that term on February 10, 2025, demonstrating that he can comply with conditions.

### C. History and Characteristics of Mr. Gaffney

Regarding Mr. Gaffney's history and characteristics, the government again points to Mr. Gaffney's record. His record, however, is dated. As noted above, his most recent conviction was more than seven years ago and he successfully completed his term of supervision—under conditions must less severe than the home incarceration requested in this case. The government also points to the factual proffer in support of Mr. Gaffney's guilty plea in that matter. While that

matter charged serious conduct, the 36-month sentence imposed (and agreed to by the government) reflects extenuating circumstances and imperfect self-defense.

Although, as listed in the Pretrial Services Agency report, Mr. Gaffney has several other prior convictions, these convictions were based on incidents that occurred between 10 and 28 years ago. Mr. Gaffney's compliance during his supervision between 2022 and February of 2025 is the most current information regarding his ability to abide by conditions of release and demonstrates that he can.

### D. No Risk of Flight

In support of its request for detention based on a supposed "risk of flight," the government points to bench warrants issued on four dates more than twenty years ago, when Mr. Gaffney was in his early twenties: March 12, 1999; January 5, 2001; January 19, 2001; and September 6, 2002. Mr. Gaffney is not 46 years old, and most recently, complied with conditions of release for three years. Any lingering concerns regarding risk of flight can be mitigated with GPS monitoring.

### E. Strength of Suppress Motion as Incentive to Comply and Appear

Mr. Gaffney is well aware that the facts surrounding his arrest and the video evidence strongly support a finding that his Fourth Amendment rights were violated and that the evidence against him should be suppressed. He worked with Superior Court counsel for three months, researching the law, reviewing evidence, and preparing for a hearing on the motion, before the government creatively avoided the October 2nd hearing date in Superior Court by adding a federal ammunition charge based on the ammunition in the firearm that is the base for the alleged D.C. Code violations. The strength of this motion provides Mr. Graffney with strong incentive to abide by conditions of release and resolve this matter as expeditiously as now possible. The

government had no good cause, as required by D.C. Code § 23-1322(h)(1) to continue the Superior Court hearing on the motion and extend Mr. Gaffney's detention. The Court should not allow the government to abuse its charging discretion to thwart the 100-day detention rule.

### Conclusion

Mr. Gaffney respectfully moves this Honorable Court to deny the government's request for pretrial detention and release Mr. Gaffney on the condition that he participate in the High Intensity Supervision Program, with home incarceration and electronic monitoring. These conditions are sufficient to reasonably assure his appearance in court and the safety of the community.

Respectfully submitted,

A. J. KRAMER
FEDERAL PUBLIC DEFENDER

/s/

MARY MANNING PETRAS
Assistant Federal Public Defender
625 Indiana Avenue, N.W.
Washington, D.C.  20004
(202) 208-7500